Docket No. 10 CV 03461 (JG) (RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN SPEARS,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. FAWAD KHAN (Shield
No: 7739), DET. FRANK GALATI (Shield No: 2819), DET.
MATTHEW SAVAGE (Shield No: 6484), DET. ANDREW
ERATO (Shield No. 2395), SGT. DANIEL SBARRA (Shield
No. 5029), DET. GARY VANZANTEN, DET. TINA
EVERETT, P.O. "JANE DOE" AND "JOHN DOE" 1-10.

1 'through' 10 inclusive, the names of the last defendants being
fictitious, the true names of the defendants being unknown to
the plaintiff(s),

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Detective*
*Fawad Khan, Detective Frank Galati, Detective*
*Matthew Savage, Detective Andrew Erato, Sergeant*
*Daniel Sbarra, Detective Gary Vanzanten, and*
*Detective Tina Everett*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kimberly M. Savino*
*Tel: (212) 788-0987*
*NYCLIS No. 2010-031264*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY.................................................................................................. 2

STATEMENT OF FACTS .................................................................................................. 3

STANDARD OF LAW......................................................................................................... 3

ARGUMENT

      POINT I

           THE COURT SHOULD GRANT SUMMARY
           JUDGMENT DISMISSING ALL CLAIMS
           RELATING TO PLAINTIFF'S ARREST OF
           APRIL 26, 2008 BECAUSE PLAINTIFF PLED
           GUILTY ................................................................................................ 4

      POINT II

           ALL CLAIMS AGAINST DEFENDANTS KHAN,
           VANZANTEN AND EVERETT SHOULD BE
           DISMISSED ......................................................................................... 7

           A.    All Claims Against Defendant Fawad Khan
                   Should Be Dismissed Because Plaintiff's
                   Constitutional Rights Were Not Violated
                   During His April 26, 2008 Arrest. ................................................. 7

           B.    All Claims Against Defendants Gary
                   Vanzanten and Tina Everett Should be
                   Dismissed for Lack of Personal Involvement ................................. 7

      POINT III

           PLAINTIFF'S CLAIMS AGAINST DEFENDANT
           NEW YORK CITY MUST BE DISMISSED
           UNDER *MONELL V. DEP'T OF SOCIAL
           SERVICES* ........................................................................................... 9

**<u>Page</u>**

A.   Plaintiff's Claim Against Defendant City Under Monell Should be Dismissed for Failing to Comply with Federal Rule of Civil Procedure Rule 15 ................................................................ 10

B.   Plaintiff's Claim Against Defendant City Under Monell Should Be Dismissed for Failing to State a Claim ................................................................ 14

CONCLUSION ................................................................................................................ 15

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                    <u>Pages</u>

Agfa Gevaert AG v. TMM Lines Ltd., LLC,
  04 Civ. 4202 (JFK), 2005 U.S. Dist. LEXIS 18275 (S.D.N.Y. Aug. 25, 2005) ....................... 3

Alfaro Motors, Inc. v. Ward,
  814 F.2d 883 ........................................................................................................................ 8

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ........................................................................................................... 4

Bernard v. United States,
  25 F.3d 98 (2d Cir. 1994) ................................................................................................... 6

Bradley v. City of New York,
  No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532 (E.D.N.Y. June 18, 2009) ............. 15

Celotex v. Catrett,
  477 U.S. 317 (1986) ........................................................................................................... 3

City of Canton v. Harris,
  489 U.S. 378 (1989) ......................................................................................................... 10

City of St. Louis v. Praprotnik,
  485 U.S. 112 (1985) ......................................................................................................... 10

Cuevas v. City of New York,
  No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984 (S.D.N.Y. Dec. 7, 2009) .......... 14-15

D'Amico v. City of New York,
  132 F.3d 145 (2d Cir. 1998),
  cert. denied, 524 U.S. 911 (1998) ....................................................................................... 3

Dallas v. Goldberg,
  95 Civ. 9076 (WHP), 2000 U.S. Dist. LEXIS 10949 (S.D.N.Y. Aug. 2, 2000) ...................... 9

Duamutef v. Morris,
  956 F. Supp. 1112 (S.D.N.Y. 1997) .................................................................................... 6

Dukes v. City of New York,
  879 F. Supp. 335 (S.D.N.Y. 1995) ................................................................................... 3-4

Farid v. Ellen,
  593 F.3d 233 (2d Cir. 2010) ............................................................................................... 8

Farrell v. Burke,
  449 F.3d 470 (2d Cir. 2006) ............................................................................................... 8

**Cases**                                                **Pages**

Fed. Election Comm'n v. Hall-Tyner Election Campaign Comm'n,
524 F. Supp. 955 (S.D.N.Y. 1981),
aff'd, 678 F.2d 416 (2d Cir. 1982)) .......................................................................... 3

Gallo v. Prudential Residential Servs.,
22 F.3d 1219 (2d Cir. 1994)....................................................................................... 3

Grullon v. Reid,
97 Civ. 7616 (RWS), 1999 U.S. Dist. LEXIS 9407 (S.D.N.Y. June 21, 1999) ........ 6

Heck v. Humphrey,
512 U.S. 477 (1994)................................................................................................. 5, 6

Jenkins v. City of New York,
478 F.3d 76 (2d. Cir. 2007)...................................................................................... 10

MacIssac v. Town of Poughkeepsie,
770 F. Supp.2d 587 (S.D.N.Y. 2011)......................................................................... 3

Matsushita Elect. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986)................................................................................................... 3

Merritt v. City of New York,
No. 97 Civ. 4929, 2001 U.S. Dist. LEXIS 14562 (S.D.N.Y. Sept. 19, 2001) ...... 8, 9

Monell v. Dep't of Social Services,
436 U.S. 658 (1978).......................................................... 2, 9, 10, 11, 12, 13, 14, 15

Oklahoma City v. Tuttle,
471 U.S. 808 (1985)................................................................................................... 9

Paige v. Moskalik,
07 Civ. 7381 (SCR) (GAY), 2010 U.S. Dist. LEXIS 142566 (S.D.N.Y. Apr. 28, 2010) .... 8, 9

Pembaur v. City of Cincinnati,
475 U.S. 469 (1986)................................................................................................. 10

Perez v. City of New York,
97 Civ. 2915 (FB), 2002 U.S. Dist. LEXIS 4297 (E.D.N.Y. Mar. 14, 2002)......... 14

Phillips v. Eppolito et al.,
02 CV 5662 (DLC), 2004 U.S. Dist. LEXIS 18565 (S.D.N.Y. 2004)....................... 4

Rossi v. New York City Police Dep't.,
94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717 (S.D.N.Y. Feb. 17, 1998).......... 6

**Cases**                                                                                    **Pages**

Saleh v. City of New York,
   No. 06 Civ. 1007 (SHS), 2007 U.S. Dist. LEXIS 92193 (S.D.N.Y. Dec. 17, 2007)............... 10

SEC v. Aragon Capital Advisors, LLC,
   07 Civ. 919 (FM), 2011 U.S. Dist. LEXIS 82531 (S.D.N.Y. July 25, 2011) ........................... 3

Shmueli v. City of New York,
   424 F.3d 231 (2d Cir. 2005).................................................................................... 3

Sorlucco v. New York City Police Dep't,
   971 F.2d 864 (2d Cir. 1992).................................................................................. 10

Spillman v. City of Yonkers,
   07 Civ. 2164 (DAB) (KNF), 2010 U.S. Dist. LEXIS 1838 (S.D.N.Y. Apr. 18, 2005) .......... 14

Velasquez v. Bankich,
   97 CV 8424 (AKH), 2000 U.S. Dist. LEXIS 15412 (S.D.N.Y. 2000) ..................................... 4

Vippolis v. Vill. of Haverstraw,
   768 F.2d 40 (2d Cir. 1985)................................................................................... 10

Westinghouse Elec. Corp. v. N.Y.C. Transit Auth.,
   735 F. Supp. 1205 (S.D.N.Y. 1990).......................................................................... 3

Williams v. City of N.Y. Police Dep't,
   06 Civ. 6053 (BMC), 2007 U.S. Dist. LEXIS 63455 (E.D.N.Y. Aug. 24, 2007) .................... 6

**Statutes**

28 U.S.C. §2254......................................................................................................... 5

42 U.S.C. §1983.............................................................................................. 1, 2, 5, 6, 8, 9

Fed. R. Civ. P. 12(b) ................................................................................................. 11

Fed. R. Civ. P. 12(b)(6)............................................................................................. 15

Fed. R. Civ. P.12(e) .................................................................................................. 11

Fed. R. Civ. P.12(f)................................................................................................... 11

Fed. R. Civ. P. Rule 15 ................................................................................. 2, 10, 11, 13, 14

Fed. R. Civ. P. 56..................................................................................................... 2

Fed. R. Civ. P. 56(e) ................................................................................................. 4

**Cases**                                                                                          **Pages**

Local Rule 56.1 ........................................................................................................................... 3

N.Y. Penal Law § 240.20 ........................................................................................................... 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOHN SPEARS,

                                              Plaintiff,

              -against -

THE CITY OF NEW YORK, P.O. FAWAD KHAN
(Shield No: 7739), DET. FRANK GALATI (Shield No:
2819), DET. MATTHEW SAVAGE (Shield No: 6484),
DET. ANDREW ERATO (Shield No. 2395), SGT.
DANIEL SBARRA (Shield No. 5029), DET. GARY
VANZANTEN, DET. TINA EVERETT, P.O. "JANE
DOE" AND "JOHN DOE" 1-10.

1 'through' 10 inclusive, the names of the last defendants
being fictitious, the true names of the defendants being
unknown to the plaintiff(s),

                                              Defendants.

-------------------------------------------------------------------X

**MEMORANDUM OF LAW
IN SUPPORT OF CITY
DEFENDANTS' PARTIAL
MOTION FOR SUMMARY
JUDGMENT**

10 CV 03461 (JG) (RER)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendants, City of New York, Police Officer Fawad Khan, Detective Frank Galati, Detective Matthew Savage, Detective Andrew Erato, Lieutenant Daniel Sbarra, Detective Gary Vanzanten, and Detective Tina Everett, ("City Defendants") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully submit this Memorandum of Law in support of their motion for Partial Summary Judgment.

## <u>PRELIMINARY STATEMENT</u>

Plaintiff John Spears brings this action against the City defendants, pursuant to 42 U.S.C. § 1983, seeking damages for alleged violations of his federal civil rights.  (<u>See</u> Plaintiff's Second Amended Complaint ("Second Compl."), annexed to the Declaration of Kimberly M.

Savino, dated May 21, 2012 ("Savino Decl.") as Exhibit "A".)   Specifically, plaintiff's complaint is construed to bring claims of false arrest, excessive force, malicious prosecution, and a Monell municipal liability claim against the City, under 42 U.S.C. § 1983, in connection with plaintiff's arrests of April 26, 2008,[1] October 10, 2009,[2] and June 22, 2010, and subsequent prosecutions. Id. (see also 56.1 Statement ¶ 13.)

City defendants respectfully submit that they are entitled to dismissal of plaintiff's claims for the following reasons: (1) Plaintiff's claims relating to his April 26, 2008 claim should be dismissed because plaintiff pled guilty to disorderly conduct, and plaintiff's conviction has not been invalidated; (2) claims against defendants Khan, Vanzanten, and Everett should be dismissed for lack of personal involvement; and (3) plaintiff's Monell municipal liability claim should be dismissed for (a)  failing to abide by the requirements of Federal Rule of Civil Procedure 15 by amending the pleadings without leave of the Court, and (b) failure to state a claim.

## PROCEDURAL HISTORY

Plaintiff filed the Second Amended Complaint on February 7, 2012, in the Eastern District of New York.  (Second Compl., Exh. A.)  Both defendants and plaintiff submitted their motions to the Court for a pre-motion conference on April 23, 2012. (See Docket Sheet ("Docket"), annexed to Savino Decl., as Exhibit "B".)   By order dated May 1, 2012, the Court granted leave to the parties to submit their partial summary judgment motions. Id. City defendants now move for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

---

[1] Upon information, plaintiff does not allege an excessive force claim relating to his April 26, 2008 arrest.

[2] Plaintiff's arrest of October 10, 2009, is erroneously referenced in the Second Amended Complaint, at paragraph 29, as having occurred on December 10, 2009.

## STATEMENT OF FACTS

For a complete statement of the relevant and undisputed facts, the Court is respectfully referred to Defendants' Statement of Undisputed Facts Pursuant to Rule 56.1, dated May 21, 2012, ("56.1 Statement") submitted concurrently herewith.[3]

## STANDARD OF LAW

Summary judgment is appropriate where no genuine issue of material fact exists. D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), cert. denied, 524 U.S. 911 (1998). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Second Circuit has held that a "moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Furthermore, in Westinghouse Elec. Corp. v. N.Y.C. Transit Auth., the Court stated that "one of the principal purposes of the summary judgment rule is to isolate and dispose of factually insupportable claims … thereby permitting courts to avoid 'protracted, expensive and harassing trials.'" 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (citing Celotex v. Catrett, 477 U.S. 317 (1986)). Furthermore, "the substantive law governing the case will identify those facts that are material, and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Dukes v. City of New York, 879 F. Supp. 335,

---

[3] "The Court may consider any fact subject to judicial notice when deciding a motion for summary judgment." Agfa Gevaert AG v. TMM Lines Ltd., LLC, 04 Civ. 4202 (JFK), 2005 U.S. Dist. LEXIS 18275 at *14 (S.D.N.Y. Aug. 25, 2005) (citing Fed. Election Comm'n v. Hall-Tyner Election Campaign Comm'n, 524 F. Supp. 955, 959 n.7 (S.D.N.Y. 1981), aff'd, 678 F.2d 416 (2d Cir. 1982)). Such facts include guilty pleas in state criminal proceedings. See, e.g., Shmueli v. City of New York, 424 F.3d 231, 233 (2d Cir. 2005); SEC v. Aragon Capital Advisors, LLC, 07 Civ. 919 (FM), 2011 U.S. Dist. LEXIS 82531, at *31 (S.D.N.Y. July 25, 2011); MacIssac v. Town of Poughkeepsie, 770 F. Supp.2d 587, 591 n.3 (S.D.N.Y. 2011).

339 (S.D.N.Y. 1995).  "The mere existence of some alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment."  <u>Id</u>.

       To survive a motion for summary judgment, the non-moving party must do more

than present evidence that is merely colorable, conclusory, or speculative.  <u>Anderson v. Liberty</u>

<u>Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986).  Additionally, the non-movant "may not rest upon the

mere allegations or denials of the adverse party's pleading, but … must set forth specific facts

showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>Phillips v. Eppolito et al.</u>,

02 CV 5662 (DLC), 2004 U.S. Dist. LEXIS 18565, *5 (S.D.N.Y. 2004).  The non-movant "may

not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion

for summary judgment."  <u>Velasquez v. Bankich</u>, 97 CV 8424 (AKH), 2000 U.S. Dist. LEXIS

15412, at *4 (S.D.N.Y. 2000).  He must offer evidence demonstrating there exists a genuine

issue of fact that must be decided by a fact finder.  Here, the Court should grant partial summary

judgment in favor of defendants because no genuine issue of material fact exists to support

Plaintiff's claims.

       For the reasons set forth below, City defendants respectfully submit that, upon

consideration of the record before the Court, they should be granted Partial Summary Judgment,

with prejudice.

<u>**ARGUMENT**</u>

**POINT I**

**THE COURT SHOULD GRANT SUMMARY
JUDGMENT DISMISSING ALL CLAIMS
RELATING TO PLAINTIFF'S ARREST OF
APRIL 26, 2008 BECAUSE PLAINTIFF PLED
GUILTY**

       Plaintiff's counsel has previously stated his intention both to defense counsel and

the Honorable Ramon E. Reyes to withdraw all claims relating to plaintiff's arrest of April 26,

2008. However, plaintiff has yet to formerly withdraw all claims relating to plaintiff's April 26, 2008. Therefore, defendants' respectfully ask the Court to dismiss all claims relating to plaintiff's April 26, 2008 arrest because plaintiff pled guilty to disorderly conduct, and plaintiff's conviction has not been invalidated.

On April 26, 2008 plaintiff was arrested and charged with resisting arrest and attempting to tamper with evidence. (See Second Compl., Exh. A, at ¶¶ 17, 26)( see also 56.1 Statement ¶ 18.) On April 27, 2008, plaintiff pled guilty to disorderly conduct, in violation of Penal Law § 240.20, and was sentenced to a one year conditional discharge. (See 56.1 Statement ¶ 19)(see also Certificate of Disposition ("Certificate"), annexed to Savino Decl., as Exhibit "C"). Plaintiff therefore alleges that his arrest and subsequent prosecution relating to his April 26, 2008 arrest and subsequent prosecution were caused by the unconstitutional acts of defendants. Thus, plaintiff's damage claims under 42 U.S.C. § 1983 essentially challenge the legality of his conviction. However, plaintiff fails to state a claim upon which relief can be granted because he has not shown that his conviction has been invalidated. Such a failure is fatal to plaintiff's claims.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for

> an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

5

See also, Duamutef v. Morris, 956 F.Supp. 1112 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation against first amendment rights, and denial of equal protection due to a failure to state a claim under Heck because of the valid underlying criminal conviction). The Supreme Court in Heck denied the existence of any cause of action under § 1983 when the underlying criminal conviction has not yet been invalidated. Heck, 512 U.S. at 489.  Here, where plaintiff pled guilty to disorderly conduct and his conviction has not been invalidated, any claim for false arrest or malicious prosecution must be dismissed.

In addition, since probable cause is a complete defense to a false arrest claim, see, e.g., Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994), plaintiff's false arrest claim should also be dismissed because plaintiff's guilty plea conclusively establishes that there was probable cause for his arrest. See, e.g., Williams v. City of N.Y. Police Dep't, 06 Civ. 6053 (BMC), 2007 U.S. Dist. LEXIS 63455, *2-*3 (E.D.N.Y. Aug. 24, 2007) (plaintiff's plea to disorderly conduct "conclusively establishes that there was probable cause for his arrest")(internal citation omitted); Grullon v. Reid, 97 Civ. 7616 (RWS), 1999 U.S. Dist. LEXIS 9407, at *21 (S.D.N.Y. June 21, 1999) ("By pleading guilty…[plaintiff] not only admitted his guilt but also conceded the lawfulness of his arrest…"); Rossi v. New York City Police Dep't., 94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717, at *14 (S.D.N.Y. Feb. 17, 1998) ("by pleading guilty, Plaintiff is barred by the doctrine of collateral estoppel from relitigating the issue of probable cause to arrest."); Duamutef, 956 F. Supp. at 1117 (S.D.N.Y. 1997) ("A prosecution and conviction, if not overturned, is conclusive evidence that an arrest was supported by the requisite probable cause.")(internal citations omitted). Furthermore, any malicious prosecution claim can also be dismissed because plaintiff's guilty plea prevents him from establishing that the criminal charges brought against him terminated in his favor, which is an essential element of a malicious

prosecution claim. Accordingly, any claims for false arrest or malicious prosecution relating to plaintiff's April 26, 2008 should be dismissed.

## POINT II

### ALL CLAIMS AGAINST DEFENDANTS KHAN, VANZANTEN AND EVERETT SHOULD BE DISMISSED

**A.    All Claims Against Defendant Fawad Khan Should Be Dismissed Because Plaintiff's Constitutional Rights Were Not Violated During His April 26, 2008 Arrest.**

Plaintiff alleges in his Second Amended Complaint that defendant Fawad Khan was involved in the April 26, 2008 arrest. (See Second Compl., Exh. A) (see also 56.1 Statement ¶ 16.) Plaintiff does not allege that defendant Khan was involved in the October 10, 2009 or the June 22, 2009 arrests. Additionally, plaintiff did not seek the deposition of defendant Khan during discovery. As discussed in Point I above, all claims relating to plaintiff's April 26, 2008 should be dismissed because plaintiff pled guilty to disorderly conduct, and plaintiff's conviction has not been overturned. Therefore, since plaintiff's constitutional rights were not violated as a result of his arrest on April 26, 2008, it would follow that there can be no liability found against defendant Khan, and the claims against defendant Khan should be dismissed.

**B.    All Claims Against Defendants Gary Vanzanten and Tina Everett Should be Dismissed for Lack of Personal Involvement**

Defendants Vanzanten and Everett were only added as defendants in this matter when plaintiff filed his Second Amended Complaint on February 7, 2012. (See Second Compl., Exh. A) (see also 56.1 Statement ¶ 13.) Nowhere in plaintiff's Second Amended Complaint does plaintiff ever allege the personal involvement of defendants Vanzanten and Everett in any of his three arrests. (See Second Compl., Exh. A) (see also 56.1 Statement ¶ 14.)  During plaintiff's deposition he never testified to any personal involvement of defendants Vanzanten and Everett in

7

any of his three arrests or prosecutions. According to Plaintiff's version of the events in this case, he had no interaction with Vanzanten or Everett. At most, during discovery, it was learned that defendants Vanzanten and Everett transported the plaintiff to the hospital following his June 22, 2010 arrest. (See 56.1 Statement ¶ 15.) Defendants Vanzanten and Everett were partners on June 22, 2010, and while Detective Everett does not recall plaintiff or this incident, Detective Vanzanten testified that only after plaintiff was under arrest and in handcuffs were defendants Vanzanten and Everett called to the scene of plaintiff's June 22, 2010 arrest. (See Detective Gary Vanzanten Deposition Transcript Excerpts at pages 63, lines 11 – 16, and 66, lines 11-12 ("Vanzanten Transcript"), annexed to Savino Decl. as Exh. D); (see also Detective Tina Everett Deposition Transcript Excerpts at page 40 ("Everett Transcript"), annexed to Savino Dec. as Exh. E). Under the facts as alleged by Plaintiff, Vanzanten and Everett cannot be held liable for false arrest or malicious prosecution.

It is well established that personal involvement in an alleged constitutional deprivation must be alleged for § 1983 liability to lie against an individual defendant.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing  Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006));  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (failure to plead the personal involvement of a government official renders a complaint "fatally defective on its face").

Further, although it is undisputed that Vanzanten and Everett were assigned to transport plaintiff to the hospital following his June 22, 2010 arrest, that fact has no bearing on their alleged liability for Plaintiff's June 22, 2010 arrest. "Once an arrest has occurred, its definition does not depend upon what follows, such as station house booking."  Paige v. Moskalik, 07 Civ. 7381 (SCR) (GAY), 2010 U.S. Dist. LEXIS 142566, at *11 (S.D.N.Y. Apr. 28, 2010) (quoting Merritt v. City of New York, No. 97 Civ. 4929 (DC), 2001 U.S. Dist. LEXIS

8

14562, at *5 (S.D.N.Y. Sept. 19, 2001).  Vanzanten and Everett's mere presence at the scene of

Plaintiff's June 22, 2010 arrest, <u>after</u> plaintiff was handcuffed, does not establish their personal

involvement in the arrest.  An officer who "arrive[s] on the scene after plaintiff [is] on the

ground in handcuffs" cannot be held liable under § 1983 for the plaintiff's arrest.  <u>Dallas v.</u>

<u>Goldberg</u>, 2000 U.S. Dist. LEXIS 10949 at *18 (S.D.N.Y. Aug. 2, 2000) (granting summary

judgment on a false arrest claim asserted against an officer with respect to whom the evidence

established had arrived after plaintiff had been placed in handcuffs); <u>see also</u> <u>Paige</u>, 2010 U.S.

Dist. LEXIS 142566, at *11-12 (granting summary judgment dismissing a false arrest claim

against an officer whose role with respect to plaintiff's arrest "was limited to booking and

fingerprinting plaintiff once plaintiff arrived at police headquarters");  <u>Merritt</u>, 2001 U.S. Dist.

LEXIS 14562, at *4-6 (same with respect to an officer who "only showed up once plaintiff had

already reached the precinct").  Accordingly, there can be no personal liability on the part of

Vanzanten and Everett for plaintiff's June 22, 2010 arrest, and the claims against them should be

dismissed.

**POINT III**

**PLAINTIFF'S       CLAIMS       AGAINST
DEFENDANT  NEW  YORK  CITY  MUST  BE
DISMISSED UNDER *MONELL V. DEP'T OF
SOCIAL SERVICES***

In order to hold a municipality liable as a "person" within the meaning of § 1983,

a plaintiff must establish that the municipality itself was somehow at fault.  <u>Oklahoma City v.</u>

<u>Tuttle</u>, 471 U.S. 808, 810 (1985); <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 690-91

(1978).  A municipality may not be held liable under § 1983 on the basis of *respondeat superior*.

<u>Monell</u>, 436 U.S. at 694-95.  "The plaintiff must first prove the existence of a municipal policy

or custom in order to show that the municipality took some action that caused him injuries . . . .

9

Second, the plaintiff must establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights." Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted).

To state a claim for municipal liability, a plaintiff must allege plausibly one of four different types of violations: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, Monell, 436 U.S. at 690; (2) the official responsible for establishing policy, with respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion), Sorlucco v. New York City Police Dep't, 971 F.2d 864, 871 (2d Cir. 1992); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employee's interact, City of Canton v. Harris, 489 U.S. 378, 388 (1989); Jenkins v. City of New York, 478 F.3d 76, 94 (2d. Cir. 2007); Saleh v. City of New York, No. 06 Civ. 1007 (SHS), 2007 U.S. Dist. LEXIS 92193, at *28 (S.D.N.Y. Dec. 17, 2007).   In order to establish municipal liability, plaintiff must demonstrate that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694.

### A. Plaintiff's Claim Against Defendant City Under Monell Should be Dismissed for Failing to Comply with Federal Rule of Civil Procedure Rule 15

According to Federal Rule of Civil Procedure Rule 15 ("F.R.C.P. 15"), which concerns amendment of pleadings, a party may, before trial:

(1) *Amending as a Matter of Course.* A party may amend its
pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is
required, 21 days after service of a responsive pleading or 21 days
after service of a motion under Rule 12(b),(e), or (f), whichever is
earlier.
(2) *Other Amendments.* In all other cases, a party may amend its
pleading only with the opposing party's written consent or the
court's leave. The court should freely give leave when justice so
requires.

In this case, plaintiff failed to follow the procedure set forth in F.R.C.P. 15 when he amended his

pleading to include a claim for municipal liability under Monell without first seeking leave of the

Court or the consent of defendants, and, therefore, his claim must be dismissed.

      It is important for the Court to understand the full procedural history of this case when

discussing plaintiff's failure to comply with F.R.C.P. 15. On July 28, 2010, plaintiff filed a

complaint in this action against the City of New York and John and Jane Doe's 1-10. (See

Docket, Exh. B, Entry # 1) (see also 56.1 Statement ¶ 1.) On November 9, 2010, an Initial

Conference was held before Magistrate Judge Ramon E. Reyes. (See Docket, Exh. B, Entry

dated November 9, 2010) (see also 56.1 Statement ¶ 2.) On November, 9, 2010, a scheduling

order was completed and the Court set December 9, 2010 as the deadline to amend the pleadings.

(See Docket, Exh. B, Entry # 7) (see also 56.1 Statement ¶ 3)(see also Scheduling Order,

annexed to Savino Decl. as Exh. F.) On April 12, 2011, over five months after the Initial

Conference, and after the time to amend the pleadings had long passed, plaintiff made his first

motion to amend/correct/supplement the complaint. (See Docket, Exh. B, Entry # 10) (see also

56.1 Statement ¶ 4)(see also, Plaintiff's April 12, 2011 Letter to Magistrate Judge Reyes ("April

12 Letter"), annexed to Savino Decl. as Exh. G). Plaintiff sought leave at that time solely to

amend the pleadings to add a third incident, plaintiff's arrest of April 26, 2008 involving

defendant Khan discussed above in <u>Point I</u>, due to confusion regarding the dates and locations of plaintiff's multiple arrests. (<u>See</u> April 12 Letter, Exh. G). On April 13, 2011, defendants submitted a letter application opposing plaintiff's April 12, 2011 request to amend the complaint on the grounds that plaintiff did not have good cause because defendants' counsel had put plaintiff on notice at the Initial Conference of the dates and locations of plaintiff's three arrests, as well as the officers involved. (<u>See</u> Docket, Exh. B, Entry # 11) (<u>see also</u> 56.1 Statement ¶ 5) (<u>see also</u> Defendants' April 13, 2011 Letter to Magistrate Judge Reyes ("Defts' April 13 Letter"), annexed to Savino Decl., as Exh. H.) On April 14, 2011, Magistrate Judge Reyes granted leave to plaintiff to amend the complaint to name individual defendant officers. (<u>See</u> Docket, Exh. B, Entry dated April 14, 2011) (<u>see also</u> 56.1 Statement ¶ 6.)

On <u>April 18, 2011</u>, without first providing a copy for review to defendants, plaintiff filed his <u>first amended complaint</u> in this action against the City of New York, and newly added individually-named defendants Fawad Khan, Frank Galati, Matthew Savage, Andrew Erato, and Daniel Sbarra. (<u>See</u> Docket, Exh. B, Entry # 12) (<u>see also</u> 56.1 Statement ¶ 7) (<u>see also</u> Plaintiff's First Amended Complaint ("First Am. Compl."), annexed to Savino Decl., at Exh. I.) Plaintiff's first amended complaint included for the first time a <u>Monell</u> claim for municipal liability against the City, for which plaintiff had not sought or been granted leave to include. (<u>See</u> First Am. Compl., Exh. I) (<u>see also</u> 56.1 Statement ¶ 8.) On May 2, 2011, defendant City of New York filed its answer to the first amended complaint, and on May 11, 2011, defendants Andrew Erato, Frank Galati, Fawad Khan, Daniel Sbarra, and Matthew Savage filed their answer to the first amended complaint. (<u>See</u> Docket, Exh. B, Entries # 15, 16) (<u>see also</u> Defendants' Answers to Plaintiff's First Amended Complaint ("Answers"), annexed to Savino Decl., as Exh. J.) In defendants' May 2, 2011 and May 11, 2011 answers to the first amended complaint, defendants

denied the allegations set forth in the First Amended Complaint purporting to set forth a <u>Monell</u> claim and stated to "the extent plaintiff purports to allege a Monell claim, plaintiff was not granted leave to add additional claims and therefore, no response is required." (<u>See</u> Answers, Exh. J).

On January 30, 2012, plaintiff filed his first motion to amend/correct/supplement the first amended complaint. (<u>See</u> Docket, Exh. B, Sheet Entry # 22) (<u>see</u> <u>also</u> Plaintiff's January 30, 2012 Letter to Magistrate Judge Reyes ("January 30 Letter"), annexed to Savino Decl., as Exh. K). On January 31, 2012, an Initial Pre-Trial Conference was held before Magistrate Judge Reyes who granted plaintiff leave to amend the first amended complaint solely to add "the two officers involved on the underlying incidents." (<u>See</u> Docket, Exh. B, Entry dated January 31, 2012.) Thereafter, on February 6, 2012, plaintiff filed his second amended complaint adding individually-named defendant officers Detective Gary Vanzanten and Detective Tina Everett, and on <u>February 7, 2012</u> filed a corrected <u>second amended complaint</u> against defendants. (See Docket, Exh. B, Entries # 23, 24.) On February 22, 2012, defendants filed their answer to the second amended complaint, continuing to object to plaintiff's untimely <u>Monell</u> claim. (<u>See</u> Docket, Exh. B, Entry # 26) (<u>see</u> <u>also</u> 56.1 Statement ¶ 17) (<u>see</u> <u>also</u> Defendants' Answer to the Second Amended Complaint ("Deft's Answer to Second Compl."), annexed to Savino Decl., as Exh. L.)

Accordingly, based upon the undisputed facts it is clear that plaintiff did not comply with F.R.C.P. 15 when he amended the complaint to include a <u>Monell</u> claim without first seeking leave of the Court. Moreover, the inclusion of a purported <u>Monell</u> claim was beyond the permission granted by the Court regarding the First Amended Complaint to include the April 2008 arrest, and the Court's January 31, 2012 order permitting amendment solely to add two

additional defendant officers. Therefore, plaintiff's <u>Monell</u> municipal liability claim against defendant City should be dismissed.

### B. Plaintiff's Claim Against Defendant City Under Monell Should Be Dismissed for Failing to State a Claim

Defendants respectfully submit that if the Court is not inclined to dismiss plaintiff's <u>Monell</u> claim due to his failure to comply with F.R.C.P. 15, plaintiff's <u>Monell</u> claim should still be dismissed for failing to state a claim. In this case, plaintiff claims that defendant City of New York had a municipal policy or practice of failing to track lawsuits of NYPD officers to find patterns of misconduct. (<u>See</u> Second Compl., Exh. A). Plaintiff alleges because there is no tracking system that plaintiff's civil rights were violated. <u>Id</u>. Plaintiff's allegations are baseless and conclusory. Plaintiff references prior lawsuits involving some of the defendant officers which all ended in settlement, with no finding of liability whatsoever against any defendant officers. Plaintiff must not only allege specific facts regarding the existence of a policy or custom, but must also make a causal connection between that policy and the conduct towards him. <u>Perez v. City of New York</u>, 97 Civ. 2915 (FB), 2002 U.S. Dist. LEXIS 4297, at *5 (E.D.N.Y. Mar. 14, 2002).

In the present case, plaintiff will be unable to proffer any evidence to establish municipal liability regarding defendant City's alleged failure to track lawsuits. This is fatal to plaintiff's claims. <u>See</u> <u>e.g.</u>, <u>Spillman v. City of Yonkers</u>, 07 Civ. 2164 (DAB)(KNF), 2010 U.S. Dist. LEXIS 1838, at *22-23 (S.D.N.Y. Apr. 18, 2005) (dismissing <u>Monell</u> claim where plaintiff failed to produce any admissible evidence to support her allegations). In the absence of plausible, specific allegations that a municipality was the moving force behind a constitutional violation, a plaintiff's theory of municipal liability cannot survive a motion to dismiss.  <u>Cuevas v. City of New York</u>, No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *10 (S.D.N.Y. Dec. 7,

2009) ("Plaintiff's boilerplate allegations against the City of New York satisfy neither the elements [for municipal liability], nor the pleading requirements set forth in Iqbal"); Bradley v. City of New York, No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at *10 (E.D.N.Y. June 18, 2009) (dismissing boilerplate allegations of municipal liability pursuant to Fed. R. Civ. P. 12(b)(6)).   Therefore, plaintiff's claim for municipal liability under Monell should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for partial summary judgment, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:          New York, New York
                May 21, 2012

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants City of New York,
                                        Detective Fawad Khan, Detective Frank Galati,
                                        Detective Matthew Savage, Detective Andrew
                                        Erato, Sergeant Daniel Sbarra, Detective Gary
                                        Vanzanten, and Detective Tina Everett*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-0987

                                        By:   /s/
                                              _____
                                              KIMBERLY M. SAVINO
                                              Assistant Corporation Counsel

To:     Paul Hale, Esq. (By ECF and Mail)
        *Attorney for Plaintiff*
        26 Court Street—Suite 19001
        Brooklyn, New York  11242

15